**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| LEO TATE, JR., | No. EDCV 10-1370-CW |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented under 28 U.S.C. § 636(c) to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of supplemental security income ("SSI") benefits. The court finds this matter should be reversed and remanded for further administrative proceedings consistent with this decision and order.

### I. BACKGROUND

Plaintiff Leo Tate, Jr. was born on October 25, 1965, and was 42-years old at the time of his administrative hearing. [Administrative Record ("AR") 118.] He has a high school education and no past relevant work. [AR 160.]

Plaintiff alleges disability on the basis of chronic pancreatitis, gall bladder stones, a dislocated shoulder/right shoulder injury, and two hernias. [AR 119, 155.]

## II. PROCEEDINGS

On June 5, 2008, plaintiff protectively filed an application for SSI, alleging disability since his application date. [AR 118-39.] His claim was denied initially and upon reconsideration.

Plaintiff requested a hearing and, on April 1, 2010, represented by an attorney, appeared and testified before Administrative Law Judge ("ALJ") Wendy Weber. [AR 23-46.] The ALJ also took testimony from medical expert ("ME") Sammy Nafoozy, M.D., [AR 39-43], and vocational expert ("VE") Alan Barozkin. [AR 43-46.] She subsequently issued a written hearing decision finding plaintiff not to be disabled under the social security act (the "Act"). [See AR 9-17.] When the Appeals Council denied review, this became the Commissioner's final decision.

Plaintiff lodged the complaint in this matter on September 10, 2010; it was filed on September 14, 2010. On March 18, 2011, defendant filed an answer and the certified administrative record. On May 23, 2011, the parties filed a Joint Stipulation ("JS"). This matter has been taken under submission without oral argument.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland

v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

Substantial evidence is "more than a scintilla," but "less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. If the evidence reasonably supports either affirming or reversing, the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## IV. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not

3

```
            disabled is appropriate.
                Step three: Does the claimant's impairment or
            combination of impairments meet or equal an impairment
            listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
            so, the claimant is automatically determined disabled.  If
            not, proceed to step four.
                Step four: Is the claimant capable of performing his
            past work?  If so, the claimant is not disabled.  If not,
            proceed to step five.
                Step five: Does the claimant have the residual
            functional capacity to perform any other work?  If so, the
            claimant is not disabled.  If not, the claimant is disabled.
```

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. §§ 404.1520, 416.920.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520, 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

The ALJ found that plaintiff had not engaged in substantial gainful activity since his application date (step one); that he has the "severe" impairments of a dislocated right shoulder and a history of poly-substance abuse in remission (step two); and that he did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 11-13.] She found that plaintiff has the RFC to perform light work with the following additional limitations:

> [L]ift and 20 pounds occasionally; 10 pounds frequently; no limitations on sitting, standing, or walking; and occasional above shoulder level use with right upper extremity.

[AR 13.]

The ALJ found plaintiff has no past relevant work (step four) and thus no transferable job skills. [AR 16.]

The VE testified that a person of plaintiff's age, education, and RFC could perform the requirements of significant numbers of jobs in the regional and national economies. [AR 16-17.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 17.]

**C. ISSUES IN DISPUTE**

The parties dispute two interrelated issues, whether the ALJ properly:

1. Considered the opinion of plaintiff's treating psychiatrist;
2. Found plaintiff's mental condition to be non-severe.

(JS 2-3.)

////

**D.     ISSUES: CLINICAL EVIDENCE RELATING TO MENTAL CONDITION**

The two issues in dispute turn on plaintiff's contention that the ALJ improperly discounted the opinions of Monica Gordon, M.D. – his treating psychiatrist at the Riverside County Department of Mental Health – regarding his mental functioning.

Dr. Gordon treated plaintiff almost monthly from March 2009 until at least March 2010. [AR 556-80.] In July 2009, she completed a mental work capacity evaluation form for plaintiff. [AR 555-56.] In it, she notes that she found plaintiff to be credible, that he is suffering from mental impairments that she expects would last at least 12 months, and that these impairments would likely cause him to be absent from work approximately three days each month. [AR 556.] She further opined that plaintiff's mental impairments cause marked or extreme functional limitations in all but one of the sixteen separate areas included on the form. [AR 555-56.]

The ALJ discussed Dr. Gordon's opinion only at step two of the sequential evaluation, giving "no weight" to her opinions based upon a finding that they were unsupported by the treatment notes which showed plaintiff's symptoms improved and were stable within just a few months of having started treatment. [See AR 13.] This finding was in error.

The opinion of a treating physician is to be given great deference. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527; Soc. Sec. Ruling 96-2p).  Where, as here, that

////
////
////
////

6

opinion is uncontroverted,[2] the ALJ may only reject a treating physician's opinion for "clear and convincing" reasons. Id. The ALJ did not meet this standard here.

While an ALJ may certainly reject an opinion on the basis that it is contradicted or unsupported by the notes of the examination, e.g., Connett v. Barnhart, 340 F.3d 871 (9th Cir. 2003), here, the treatment notes are not entirely bereft of support for Dr. Gordon's work capacity assessment, as the ALJ found. To the contrary, in October 2009, for example – several months after she completed the work capacity evaluation – Dr. Gordon found that plaintiff's judgment was "impaired," that he was suffering from anxiety, paranoia, nightmares, and that he had only a "partial" response to his medication because he continued to exhibit symptoms of depression and post-traumatic stress disorder. [AR 564.] Similarly, in March 2010, she found that though plaintiff was "stable," he remained symptomatic – continuing to experience anxiety in crowds and depression – with only a "fair" response to his medication. [AR 558.] These notes support Dr. Gordon's work capacity assessment and the ALJ thus committed reversible error. See Holohan v. Massanari, 246 F.3d 1195, 1205-06 (9th Cir. 2001)(finding substantial evidence did not support finding

---

[2] The only other assessment of plaintiff's mental functioning limitations was made in 2007 by one-time consultative examiner Ernest Banger, III, M.D. [AR 486-89.] Dr. Banger essentially opined that at that time plaintiff had, at most, mild limitations associated with alcohol and drug dependence which would likely be quickly mitigated by treatment. [AR 486-89.] Medical opinions that predate the alleged onset of disability are of limited relevance, however, see Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008), particularly in a case like this one in which the prior opinion turned on conjecture – about both the link between plaintiff's mental impairment and alcohol use and his potential response to treatment. Consequently, this opinion does not directly controvert Dr. Gordon's 2009 findings.

7

that opinion of treating physician conflicted with treatment notes, and that the two were, in fact, consistent).

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, the ALJ did not specifically weigh Dr. Gordon's findings in assessing plaintiff's RFC using the factors set forth in 20 C.F.R. 404.1527. Not only is the court unable, therefore, to gauge to what extent the mental impairments she diagnosed are "severe" at step two, it is unable to determine whether the impairments would render plaintiff incapable of any substantial gainful employment. Thus, remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).

### V. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**
2. This action is **REMANDED** to defendant, pursuant to Sentence

Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

    3.    The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 6, 2011


_____
CARLA M. WOEHRLE
United States Magistrate Judge